Filed 7/7/14  P. v. Walker CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060371 |
| v. | (Super.Ct.No. FSB07242) |
| GARRY FOSTER WALKER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Affirmed.

David K. Rankin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Garry Walker filed a petition for resentencing pursuant to Penal Code section 1170.126.[1]  The court denied the petition.  After defendant's counsel filed the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

notice of appeal, this court appointed counsel to represent defendant on appeal.[2] Counsel

has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and *Anders*

*v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying

one potentially arguable issue:  whether appellant's 1990 forcible rape conviction

disqualifies him from resentencing.

We offered defendant the opportunity to file a personal supplemental brief, which

he has not done.  We affirm the judgment.

## PROCEDURAL HISTORY

On April 6, 1995, the People filed an information alleging defendant possessed a

controlled substance, cocaine, in violation of Health and Safety Code, section 11350,

subdivision (a), and possessed a smoking device in violation of Health and Safety Code,

section 11364.  The People further alleged defendant had three prior strike convictions

from a 1990 case:  second degree robbery (§ 211), forcible oral copulation (§ 288a, subd.

(c)) and forcible rape (§ 261).

---

[2] We note the appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court.  (*Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [appealable].)  Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or writ of mandate.  (*Braziel v. Superior Court* (2014) 225 Cal.App.4th 933 [treating appeal from denial of petition for resentencing as a petition for writ of mandate]; see *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus].)  In any event, we will review the merits of defendant's appeal.

2

A jury convicted defendant as charged and found the three strike priors to be true. On August 14, 1995, the trial court sentenced defendant to 25 years to life in state prison under the Three Strikes law.

Defendant appealed his conviction, which this court affirmed. (*People v. Walker* (Mar. 12, 1997) E016895 [nonpub. opn.].)

### DISCUSSION

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues. (§§ 1170.126, subd. (e)(3); 667, subd. (e)(2)(C)(iv)(I); Welf. & Inst. Code, § 6600, subd. (b) [defendant ineligible for § 1170.126 resentencing where he has sustained a prior conviction for forcible rape].)

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.


We concur:

McKINSTER _____
J.

RICHLI _____
J.

3